# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MARCY CURTIS, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| PRINCIPIA BIOPHARMA INC., DAN BECKER, PATRICK MACHADO, ALAN B. COLOWICK, SIMEON GEORGE, SHAWN TOMASELLO, MARTIN BABLER, SHAO-LEE LIN, SANOFI, and KORTEX ACQUISITION CORP., | ) CLASS ACTION ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on August 17, 2020 (the "Proposed Transaction"), pursuant to which Principia Biopharma Inc. ("Principia" or the "Company") will be acquired by Sanofi ("Parent") and Kortex Acquisition Corp. ("Merger Sub," and together with Parent, "Sanofi").

2. On August 16, 2020, Principia's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Sanofi. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Principia's outstanding common stock for $100.00 per share in cash. The Tender Offer is set to expire on September 25, 2020.

3. On August 28, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Principia common stock.

9. Defendant Principia is a Delaware corporation and maintains its principal executive offices at 220 East Grand Avenue, South San Francisco, California 94080.  Principia's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "PRNB."

10. Defendant Dan Becker is a director of the Company.

11. Defendant Patrick Machado is a director of the Company.

12. Defendant Alan B. Colowick is Chairman of the Board of the Company.

13. Defendant Simeon George is a director of the Company.

14. Defendant Shawn Tomasello is a director of the Company.

15. Defendant Martin Babler is President, Chief Executive Officer, and a director of the Company.

16. Defendant Shao-Lee Lin is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a French société anonyme and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Principia (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of August 15, 2020, there were approximately 33,236,216 shares of Principia common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27. Principia is a late-stage biopharmaceutical company dedicated to bringing transformative therapies to patients with significant unmet medical needs in immune-mediated diseases.

28. Through the Company's proprietary Tailored Covalency® platform, the Company aims to build and advance a pipeline of best-in-class drug candidates with significant therapeutic

benefits, limit unintended side effects, improve quality of life, and modify the course of disease.

29. Rilzabrutinib, a reversible covalent BTK inhibitor, is being evaluated in a global Phase 3 clinical trial in participants with pemphigus and a Phase 1/2 clinical trial in participants with immune thrombocytopenia ("ITP"). The Company plans to initiate a Phase 2 clinical trial in participants with IgG4-Related Diseases and a Phase 3 trial in ITP.

30. Moreover, PRN2246/SAR442168 is a covalent BTK inhibitor which crosses the blood-brain barrier and is licensed to Parent. Parent has announced that SAR442168 will be evaluated in four Phase 3 clinical trials in participants with relapsing and progressive forms of multiple sclerosis.

31. Additionally, PRN473 Topical, a topical reversible covalent BTK inhibitor designed for immune-mediated diseases that could benefit from localized application to the skin, is being evaluated in Phase 1 trials.

32. On August 16, 2020, Principia's Board caused the Company to enter into the Merger Agreement with Sanofi.

33. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Principia's outstanding common stock for $100.00 per share in cash.

34. According to the press release announcing the Proposed Transaction:

> Sanofi and Principia Biopharma Inc. (NASDAQ: PRNB), a late-stage biopharmaceutical company focused on developing treatments for immune-mediated diseases, entered into a definitive agreement under which Sanofi will acquire all of the outstanding shares of Principia for $100 per share in cash, which represents an aggregate equity value of approximately $3.68 billion (on a fully diluted basis). The Sanofi and Principia Boards of Directors unanimously approved the transaction. . . .
>
> Transaction Terms
>
> Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Principia common stock for $100 per share in

cash for a total enterprise value of approximately $3.36 billion.

The consummation of the tender offer is subject to customary closing conditions, including the tender of at least a majority of the outstanding shares of Principia common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions. Following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with Principia and the outstanding Principia shares not tendered in the tender offer will be converted into the right to receive the same $100 per share in cash paid in the tender offer. The tender offer is expected to commence later this month. Sanofi plans to finance the transaction with cash on hand. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the fourth quarter of 2020.

Evercore is acting as financial advisor to Sanofi and Weil, Gotshal & Manges LLP is acting as its legal counsel. Centerview Partners LLC and BofA Securities are acting as financial advisors to Principia and Cooley LLP is acting as its legal counsel.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

35. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

37. First, the Solicitation Statement omits material information regarding the Company's financial projections.

38. The Solicitation Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBIT and unlevered free cash flow; (ii) the individual inputs and assumptions to risk adjust the projections; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

6

advisor in support of its fairness opinion.

40. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and BofA Securities, Inc. ("BofA").

41. With respect to Centerview's Selected Public Company Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

42. With respect to Centerview's Selected Precedent Transaction Analysis, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; and (ii) the number of fully-diluted outstanding Company shares.

43. With respect to Centerview's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; (iii) the terminal values of Principia; (iv) Centerview's basis for assuming that unlevered free cash flows would decline in perpetuity after December 31, 2041 at a rate of free cash flow decline of 75% year over year; and (v) the number of fully-diluted outstanding Company shares.

44. With respect to Centerview's Analyst Price Target Analysis, the Solicitation Statement fails to disclose: (i) the individual price targets observed in the analysis; and (ii) the sources thereof.

45. With respect to Centerview's Premia Paid Analysis, the Solicitation Statement fails to disclose the individual premiums paid in the transactions observed in the analysis.

46. With respect to BofA's Selected Publicly Traded Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics for the companies

observed in the analysis.

47. With respect to BofA's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; and (ii) the number of fully-diluted outstanding Company shares.

48. With respect to BofA's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values for Principia; (iii) BofA's basis for applying an assumed perpetuity growth rate of negative 75% after calendar year 2041; (iv) the individual inputs and assumptions underlying the discount rates ranging from 10.00 % to 12.00%; and (v) the number of fully-diluted Company shares outstanding.

49. With respect to BofA's Wall Street Analyst Price Targets analysis, the Solicitation Statement fails to disclose: (i) the individual price targets observed in the analysis; and (ii) the sources thereof.

50. With respect to BofA's Premia Calculations analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the individual premiums paid in the transactions observed in the analysis.

51. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

52. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

56. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

57. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

58. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

59. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

60. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

61. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be

9

materially incomplete and misleading.

62. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

63. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

64. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

67. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

68. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

69. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

misleading.

70. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

71. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Sanofi)

72. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

73. The Individual Defendants and Sanofi acted as controlling persons of Principia within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of Principia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

74. Each of the Individual Defendants and Sanofi was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

75. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

76. Sanofi also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

77. By virtue of the foregoing, the Individual Defendants and Sanofi violated Section 20(a) of the 1934 Act.

78. As set forth above, the Individual Defendants and Sanofi had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

79. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

80. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 1, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
     Brian D. Long (#4347)
     Gina M. Serra (#5387)
     300 Delaware Avenue, Suite 210
     Wilmington, DE 19801
     Telephone: (302) 295-5310
     Facsimile: (302) 654-7530
     Email: bdl@rl-legal.com
     Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*